UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIM NO. 21-310 |
| V. ) | |
| ) | |
| DAVID ABELL, Defendant ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

TO THE HONORABLE C. DARNELL JONES, II, JUDGE, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA:

COMES NOW, Defendant, David Abell ("Mr. Abell"), by and through his Counsel, Evan T.L. Hughes, Esquire, respectfully submits this memorandum of law in regards to his upcoming Sentencing Hearing.

### I.   PROCEDURAL HISTORY

On or around August 11, 2021, a criminal information was filed against Mr. Abell alleging federal theft charges from an organization receiving federal funds. On November 23, 2021, Mr. Abell pled guilty through a guilty plea agreement, saving significant judicial resources and time. Mr. Abell pled to Counts 1 and 2, 18 § 666(a)(1)(A), (b) Theft from Organization Receiving Federal Funds and 18 § 666(b)(1)(B), (b) Bribery Concerning Federal Programs. Sentencing was initially scheduled for March 28, 2022, but was continued and is now scheduled for July 19, 2022.

### II.   DEFENDANT'S BACKGROUND

  Mr. Abell was born to Rose and William Abell of Philadelphia, Pennsylvania on August 2, 1949. He had one older brother, who he did not speak to much due to a significant age difference throughout his life, but has since predeceased the defendant. He was raised in a middle class household in Plymouth Meeting, Pennsylvania and had a pleasant childhood where he was exceptionally close with his mother. Both of Mr. Abell's parents are now deceased. Growing up, Mr. Abell went to Catholic school when he was younger and was very active in multiple different sports. Mr. Abell maintained regular contact with family, including aunts, uncles, and cousins through annual family reunions with a large extended family. He also went on many family vacations to the shore in Atlantic City, New Jersey. Throughout his childhood, Mr. Abell had a relatively normal childhood where he had many friends and stayed out of trouble. He eventually dropped out of highschool to pursue carpentry and eventually completed a sheet metal and pattern drafting program at Bucks County Community College.

  When he turned 18, Mr. Abell married his first wife, Barbara Meade. He was drafted by the U.S. Army in 1970, when he was 20 years old. During his time in service, his first wife filed for divorce. When he came back from Vietnam on an honorable discharge, he felt lost for awhile and sought mental health services while he was in between jobs. Shortly thereafter in the late 1970's, Mr. Abell married his second wife, Cynthia Silverman and they lived together in Northeast Philadelphia. After approximately 10 years of marriage, they divorced due to irreconcilable differences. Mr. Abell then began working for SEPTA as a carpenter while living in Delaware County and Southwest Philadelphia at different periods.

  In 1997, Mr. Abell married his third wife, Vesta Bockius and lived with her and her daughter Brittaney in a middle-class suburban neighborhood in Laurel Springs, New Jersey.

They eventually had a daughter together named Skyler, who is now 23 and a restaurant manager in Tampa, Florida. Mr. Abell's entire life revolves around his daughter Skyler and they speak to each other multiple times every day, though they unfortunately only get to see each other a few times a year. Mr. Abell divorced his third wife in 2012. Mr. Abell took care of both children for a period after the divorce and he basically raised them himself. Currently, the relationship between Mr. Abell and his ex-wife is more friendly and he even has taken in his ex-wife when she needed a place to live after the birth of her son by another man. In his working life, he eventually became Senior Director at SEPTA.

In 2015, Mr. Abell foreclosed on his home in Laurel Springs and relocated to a three bedroom mobile home in Chincoteague, Virginia. He eventually would like to move to Tampa, Florida to be closer to Skyler and be able to be more active in her life.

Further, Mr. Abell is a 72 year old man who is diagnosed with Chronic Kidney Disease Stage IV, which is characterized by severe kidney function deterioration. Due to his age, he does not qualify for a transplant. He also has high blood pressure that is very difficult to control in periods of extreme stress. Due to this health conditions, he is immune suppressed and any amount of incarceration will impact his health severely. Considering his background, which includes a lack of prior criminality as well as strong connections with his family and considerable health conditions, Mr. Abell would respectfully request a below the guidelines non-incarceratory sentence.

### III.   SENTENCING CONSIDERATIONS

    A.  Guideline Calculation

As the Sentencing Guidelines are advisory, this Court retains broad discretion and may sentence Mr. Blanding outside of, and specifically, below the guideline range. <u>United States v. Booker</u>, 543 U.S. 220 (2005). As such, Mr. Abell respectfully requests a below the guidelines sentence that does not include incarceration.

B. <u>3553(a) Factors</u>

The factors delineated in 18 U.S.C. § 3553(a)'s sentencing considerations require the Court to impose a sentence "sufficient but not greater than necessary" to accomplish the four purposes of sentencing set forth in the same section: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a).

In determining the sentence minimally sufficient to accomplish these purposes, the factors to be considered by the Court are as follows:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed;

3) the kinds of sentences available;

4) the sentencing range established by the guidelines;

5) any pertinent policy statements by the Sentencing Commission;

6) the need to avoid unwarranted sentencing disparity; and

7) the need to provide restitution where applicable.

18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

1. <u>Nature and Circumstances of Defendant</u>

Pertaining to Mr. Abell's offense, the Court should very heavily consider the lack of any prior activities by this defendant intended to engage in any type of criminal activities. As expressed above, Mr. Abell has led a relatively normal life, filled with family, love, and children. He sincerely hopes the Court takes into consideration the closeness he has with his daughter and his desire to eventually be able to be more involved in her life on a day to day basis. Further, Mr. Abell's willingness to save substantial judicial resources by entering into a guilty plea at arraignment should be heavily considered in sentencing Mr. Abell. Last, his significant health conditions render incarceration significantly detrimental to his health. As such, he respectfully requests a below the guideline sentence without a period of incarceration.

2. <u>Need for Sentence Imposed</u>

In determining the need for a particular sentence, a sentence "sufficient but not greater than necessary" to accomplish retribution, deterrence, incapacitation, and rehabilitation would be below the guidelines as it pertains to Mr. Abell. Mr. Abell respectfully asserts that a sentence non-incarceratory sentence below the guidelines would be sufficient to accomplish the goals of sentencing. While Mr. Abell understands he should not have engaged in the instant offense, he did negotiate a guilty plea and save judicial time and resources, which should also be considered in his ultimate sentence. Considering the fact that he has no interactions with the criminal justice system beyond this offense, his significant health concerns, and the fact that he pled in this case, Mr. Abell respectfully requests a sentence below the guidelines sentence that does not include incarceration.

3. <u>Kinds of Sentences Available</u>

The offenses for which the defendant has been convicted typically involve incarceration. However, given the defendant's health, lack of prior criminality, and his plea, Mr. Abell respectfully requests a non-incarceratory sentence.

4. <u>Sentencing Range Established By Guidelines</u>

The sentencing range for the government's calculation of a defendant with an offense gravity score of 27 and a criminal record history of 0 is 70 months to 87 months. However, due to Mr. Abell's health conditions, among other reasons, Mr. Abell respectfully requests a sentence below the guidelines, with no period of incarceration.

5. <u>Policy Statements by the Sentencing Commission</u>

The court should impose a sentence sufficient but not greater than necessary to achieve the goals of sentencing.

6. <u>Need to Avoid Unwarranted Sentencing Disparity</u>

While the deviation from the guidelines could cause disparity in sentencing, Mr. Abell's significant health conditions and other factors should weigh heavily in favor of a reduced sentence without a period of incarceration.

7. <u>Need to Provide Restitution</u>

Due to this case, Mr. Abell had to forfeit his SEPTA pension, so the only income he has at this time is Social Security Income of $2,292.00 per month. Mr. Abell is aware of the outstanding restitution and believes that a non-incarceratory sentence will better accomplish the goals of sentencing, including his ability to provide restitution in this case. As an incarcerated inmate, he would not be able to pay restitution for the period he is incarcerated and it is his

position that making regular payments and a non-incarceration sentencing scheme would ultimately meet the goals most efficiently.

### IV.     RECOMMENDED SENTENCE

Mr. Abell respectfully requests this Court consider a sentence with no incarceration period due to his significant health concerns. Further, Mr. Abell hopes this Court will take into consideration his level of acceptance of responsibility, as well as his close relationships with family and his desire to be able to pay restitution back. Thus, it is within the interests of justice to sentence Mr. Abell to a below the guidelines sentence with no period of incarceration.

WHEREFORE, Mr. Abell respectfully requests a sentence below the guideline range with no incarceration period.

Respectfully submitted,

Dated: 7/15/2022                               /s/ Evan T.L. Hughes
                                               Evan T.L. Hughes, Esquire
                                               Hughes Firm LLC
                                               Counsel for Defendant

## VERIFICATION

All statements and factual assertions made herein are made to Counsel's good-faith based information and belief, and are made subject to penalty of perjury.

Respectfully submitted,

Dated:  7/15/2022

<u>/s/ Evan T.L. Hughes</u>
Evan T.L. Hughes, Esquire
Hughes Firm LLC
Counsel for Defendant

## CERTIFICATE OF SERVICE

The forgoing motion was served on all parties of record by way of ECF on the date indicated below.

Respectfully submitted,

Dated: 7/15/2022                    <u>*/s/ Evan T.L. Hughes*</u>
                                    Evan T.L. Hughes, Esquire
                                    Hughes Firm LLC
                                    Counsel for Defendant